UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-81078-KAM

CARLY A. KAZINETZ,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND,
IMMIGRATION SERVICES, et al.,

Defendants.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Defendants' Motion to Dismiss the First Amended Complaint (DE 15).  The motion is fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

    I.  Background

    Plaintiff Carly Kazinetz ("Plaintiff") has filed a First Amended Complaint ("FAC") against the United States Citizenship and Immigration Services ("USCIS")  and the field office director of the West Palm Beach USCIS (collectively, "Defendants") to challenge the November 25, 2009 denial ("decision") by the USCIS of a visa petition she filed on behalf of her spouse, Jorge Dos Santos ("Dos Santos").  (FAC ¶ ¶ 1, 14, DE 11.)   The claim is brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 and the Declaratory Judgment Act, 28 U.S.C. § 2201.  (FAC ¶ 3.)  Plaintiff alleges that Defendants' actions were not supported by substantial evidence and were arbitrary and capricious. (FAC ¶ 17.)

    On June 14, 2009, Plaintiff filed a visa petition on behalf of Dos Santos.  USCIS issued a

Notice of Intent to Deny Visa Petition ("Notice") on September 9, 2009, advising Plaintiff that Dos Santos had previously entered into a marriage for the purpose of evading immigration laws and therefore was ineligible for a visa petition. (Notice, Ex. A, DE 10.)[1] Plaintiff responded to the Notice, attaching a letter from her attorney, along with affidavits from Dos Santos' former wife, Keyona Gregg, and other individuals.  Plaintiff also submitted letters from Gregg to Dos Santos, a birthday card from Dos Santos to Gregg, a utility bill for Dos Santos in care of Dos Santos and Gregg and a bank statement for Dos Santos and Gregg. (Decision, Ex. A, DE 10.) In its decision, USCIS found that Plaintiff's explanation and submitted documents failed to overcome the evidence in the record indicating that Dos Santos entered into the marriage with Gregg for the purpose of evading immigration laws. (Decision.)

The FAC claims the decision by USCIS: (1) ignored evidence establishing that Dos Santos' prior marriage was entered into for the purpose of evading immigration laws; (2) relied upon a statement made under duress by Gregg, (3) was not supported by substantial evidence that Dos Santos entered into marriage to evade immigration laws; (4) impermissibly reversed the burden of proof; (5) ignored the affidavits of Gregg's mother, sister and friends that claimed Gregg's marriage was not entered into for the purpose of evading immigration laws; (6) ignored letters and cards from Dos Santos to Gregg and (7) ignored joint financial records of Dos Santos and Gregg.  (FAC ¶¶ 23-26, 30-37.)

Defendants move to dismiss asserting that there is no basis to find that their decision was arbitrary and capricious when the agency considered all the evidence before it and applied the

---

[1] Defendant has attached the USCIS notice and decision denying the visa petition, which the Court will consider.  See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

appropriate standard. Plaintiff responds that, because Defendants failed to file the administrative record with the Court, the Court cannot resolve the merits of the case.

## II. Discussion

The parties agree that the APA standard of review applies. (Mot. at 4; Resp. at 1.) Under the APA, a court may only set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "To determine whether an agency decision was arbitrary and capricious, the reviewing court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. This inquiry must be searching and careful, but the ultimate standard of review is a narrow one." Citizens for Smart Growth v. Secretary of Dept. of Transp., 669 F.3d 1203, 1201 (11th Cir. 2012). The Court reviews the administrative record to apply this standard of review. See Fund for Animals, Inc. v. Rice, 85 F.3d 535, 541 (11th Cir. 1996); cf. Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers, 87 F.3d 1242, 1246 (11th Cir. 1996) (the court did not err in confining its review of the administrative agency action to the administrative record).

Given that the entire administrative record is not before the Court, the Court is unable to conduct the necessary review. While Defendants point out that the decision by USCIS lists each document it considered, that is not the same as the Court having the opportunity to review each document. Moreover, the Court rejects Defendants' characterization of Plaintiff's argument as requiring USCIS to discuss every piece of evidence in the record in its decision. (Reply at 3.) Here, Plaintiff is simply relying on the unremarkable proposition that the Court must have an opportunity to review the full administrative record before deciding whether the agency's

3

decision should be set aside.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss the First Amended Complaint (DE 15) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge